UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-                              **MEMORANDUM OF**
                                                **DECISION & ORDER**
RAHMEL MUHAMMAD,                       12-cr-337 (ADS)

                Defendant.
----------------------------------------------------------X
**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
271 Cadman Plaza East
Brooklyn, NY 11201
    By:    Julia Nestor, Assistant U.S. Attorney

**Rahmel Muhammad**
*Pro Se*

**SPATT, District Judge.**

On September 19, 2014, the Defendant Rahmel Muhammad (the "Defendant") was sentenced by this Court to 120 months of imprisonment and 3 years of supervised release following a jury trial where the Defendant was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Presently before the Court is a motion by the Defendant to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines (the "USSG"). For the following reasons, the Defendant's motion is denied.

## I. BACKGROUND

On May 10, 2012, the Defendant was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) and 841(b)(1)(C) as well as 18 U.S.C.§ 3551 *et seq.*.

1

On March 5, 2013, a jury trial commenced. Ten days later, on March 15, 2013, the jury found the Defendant guilty of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(C)

The Court sentenced the Defendant on September 19, 2014. The Court determined that the total offense level was 32, and that Defendant's criminal history placed him in criminal history category VI. The total offense level was based on the Defendant's status as a Career Offender pursuant to USSG §4B1.1. This resulted in a custodial range of 210 to 262 months, with no mandatory minimum sentence. The Court departed significantly from the USSG and sentenced the Defendant to 120 months.

On February 16, 2016, the Defendant filed a *pro se* motion asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the USSG. The Defendant argues that Amendment 782 to the USSG applies to his sentence and he is therefore eligible for a reduction. The Government filed a response to the Defendant's motion on May 2, 2016.

## II. DISCUSSION

18 U.S.C. 3582 states, in applicable part, that the Court may modify a Defendant's sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2); *see also United States v. Castro*, 841 F. Supp. 2d 655, 657 (E.D.N.Y. 2012) (Spatt, J.) ("In order for a defendant to be eligible for a sentence reduction, the defendant's applicable guideline range must have been lowered by the Guidelines Amendment." (citing U.S.S.G. 1B1.10; *United States v. Johnson*, 633 F.3d 116, 117 (2d Cir. 2011))).

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

(a)(1) In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
...
(d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

Effective November 1, 2014, Amendment 782 to the USSG modified Section 2D1.1 of the USSG and lowered the sentencing range for certain categories of drug-related offenses. Amendment 788 authorized retroactive application of Amendment 782.

The Supreme Court laid out a two-step process for courts when deciding whether a defendant is eligible for a sentence reduction. The Court must first determine whether a defendant is eligible for sentence modification. *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). If, and only if, the court finds that the defendant is eligible for a sentence reduction under § 3582(c) and § 1B1.10, "then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case'". *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (quoting *Dillon*, 560 U.S. at 827).

Therefore, for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c).

As the jury found the Defendant guilty of conspiracy to distribute and possess with intent to distribute at least 28 grams of cocaine, the Defendant's base offense level was 26 at the time of sentence. U.S.S.G. 2D1.1(c)(8). Amendment 782 lowered that base offense level to 24. *Id.*

However, as the Defendant was determined to be a career offender, Section 4B1.1 of the USSG states that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." The offense level in the career offender statutes is determined by the statutory maximum of the convicted offense. Since the maximum sentence for violations of 21 U.S.C. 841(a) and 841(b)(1)(C) is 20 years, the offense level under the career offender statute was 32 at the time of sentence, and it remains 32 today.

Amendment 782 did not change the offense levels of the career offender statute, nor did it change the statutory maximum for the statutes under which he was convicted. *See United States v. Martinez*, 572 F.3d 82, 85 (2d Cir. 2009) ("[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines."); *United States v. Aristizabel*, 113 F. Supp. 3d 692, 695 (S.D.N.Y. 2015) ("The fact that [the defendant's] sentence was based on his Career Offender status removes this case from the ambit of Section 3582(c)(2) and limits the Court's ability to reduce [his] sentence."); *Newton v. United States*, No. 02 Cr. 476, 2014 WL 6491961, at *1 (S.D.N.Y. Nov. 17, 2014) ("Because [the defendant] was sentenced by this Court as a Career Offender, pursuant to United States Sentencing Guideline § 4B1.1, he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2)."); *see also United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("[Amendment 782] did not lower the sentencing range established for a career offender by § 4B1.1. . . . The Commission made this clear in its commentary explaining Amendment 782:

'guideline enhancements for offenders who . . . are . . . career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences.'" (quoting U.S.S.G. Supp. App. C, at 74)).

Therefore, since the Court sentenced the Defendant based on his status as a career offender and determined his offense level based on that fact, the Defendant is ineligible for a sentence reduction because Amendment 782 did not change the offense level for career offenders.

### III. CONCLUSION

Accordingly, the Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 is denied.

It is **SO ORDERED:**
Dated: Central Islip, New York
March 20, 2017

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge