FILED
CLERK
3:45 pm, Feb 28, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                   **MEMORANDUM OF**
                                           **DECISION & ORDER**
RAHMEL MUHAMMAD,              12-CR-337 (ADS)

        Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 11722
    By:    John Joseph Durham, Esq., Assistant United States Attorney.

271 Cadman Plaza East
Brooklyn, NY 11201
    By:    Julia Nestor, Esq., Assistant United States Attorney.

**Alan M. Nelson, Esq.**
*Attorney for the Defendant*
3000 Marcus Avenue
Lake Success, NY 11042

**SPATT, District Judge**:

On September 19, 2014, defendant Rahmel Muhammad (the "Defendant") was sentenced by this Court to 120 months of imprisonment and 3 years of supervised release following a jury trial where the Defendant was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.

On March 20, 2017, the Court denied a motion by the Defendant to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines (the "USSG" or the "Guidelines"). The Court found that the Defendant was ineligible for a

sentence reduction because the Court sentenced him based on his status as a Career Offender and determined his offense level on that fact.

Presently before the Court is a second motion to reduce his sentence in light of the Second Circuit's opinion in *United States v. Townsend*, 897 F.3d 66 (2nd Cir. 2018), which held that N.Y. Penal Law ("NYPL") § 220.31, the law governing the conviction that triggered his Career Offender status, could not form the basis of a Career Offender designation.

For the following reasons, the Court grants the Defendant's motion and reduces his sentence to 100 months of imprisonment.

## I. BACKGROUND

On May 10, 2012, the Defendant was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) and 841(b)(1)(C) as well as 18 U.S.C.§ 3551 *et seq.*

On March 5, 2013, a jury trial commenced. Ten days later, on March 15, 2013, the jury found the Defendant guilty of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(C).

The Court sentenced the Defendant on September 19, 2014. The Court determined that the total offense level was 32, and that Defendant's criminal history placed him in criminal history category VI. The total offense level was based on the Defendant's status as a Career Offender pursuant to USSG § 4B1.1. This resulted in a custodial range of 210 to 262 months, with no mandatory minimum sentence. The Court departed significantly from the Guidelines and sentenced the Defendant to 120 months.

On February 16, 2016, the Defendant filed a *pro se* motion asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Guidelines. The Defendant

argued that Amendment 782 to the Guidelines applied to his sentence, making him eligible for a reduction.

On March 20, 2017, the Court denied the Defendant's application because he was deemed a Career Offender and was therefore ineligible for a modification. ECF 132.

On October 12, 2018, the Defendant submitted a second application for a sentence reduction. The application argues that he is entitled to relief pursuant to *Townsend* and suggests that the Court reconsider his sentence to the extent that his "Guidelines range was a relevant part of the framework the [Court] used to…determine the sentence." ECF 134 at 3–4.

## II. DISCUSSION

Amendment 782 of the Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing many of the offense levels in the Drug Quantity Table in § 2D1.1 by two levels and making related adjustments. Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2).

The Supreme Court laid out a two-step process for analyzing applications for sentence reductions. The Court must first determine whether a defendant is eligible for sentence modification. *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). If, and only if, the court finds that the defendant is eligible for a sentence reduction under § 3582(c)

and § 1B1.10, "then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 560 U.S. at 827, 130 S.Ct. 2683).

At the time of his first application, the Defendant failed the first step because Amendment 782 did not change the offense levels of defendants designed as Career Offenders. *See United States v. Martinez*, 572 F.3d 82 (2d Cir. 2009) ("[A] defendant convicted of crack cocaine offenses but sentenced as a Career Offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines."). However, since then, the Second Circuit in *Townsend* determined that a state court conviction under NYPL § 220.31 no longer qualifies as a predicate offense for a defendant's status as a Career Offender. *See Townsend*, 897 F.3d at 74. Consequently, the Court finds that the Career Offender designation is no longer applicable to the Defendant, making him eligible for a reduction in his Guidelines range and a reduced sentence pursuant to Amendment 782.

The parties agreed that, under Amendment 782, the Defendant's Total Offense Level is effectively reduced to level 24, resulting in an applicable advisory Guidelines range of 100–125 months with a Criminal History Category of VI. However, the Government argues that, under the second step of the *Dillon* inquiry, the Court should not reduce the Defendant's sentence because his original sentence of 120 months imprisonment was sufficient but not greater than necessary to address the various considerations provided under 18 U.S.C. § 3553(a). In the Government's view, the Defendant's sentence adequately reflects the seriousness of his misconduct, including his conduct in the charged conspiracy and his efforts to obstruct justice thereafter.

4

The Court finds that the circumstances warrant a reduction in the Defendant's sentence. At his sentencing, the Court downwardly departed by 90 months from the original Guidelines range based on its assessment that the enhancement for Career Offender status was "grossly excessive." ECF 137-2 at 31:20. Notably, the Court sentenced the Defendant to the bottom of what his advisory custody range was before factoring in his designation as a Career Offender, 120 to 150 months. *Id.* at 31:3–5. For the same reasons that a sentence at the bottom of that range was appropriate when he was initially sentenced, a sentence of 100 months is appropriate here. *See e.g.*, *United States v. Gastelum*, No. 10-CR-59, 2015 WL 6160011, at *2 (E.D.N.Y. Oct. 19, 2015).

Significantly bolstering this conclusion, the Defendant has an impeccable record during his incarceration and has made remarkable strides towards addressing the root cause of his offending behavior—a pernicious drug addiction that started at the age of 12. He has now been drug free for over seven years. He has only one very minor disciplinary infraction. ECF 140 at 96. He has been classified as a low level security risk by FCI Danbury for two years. He has received excellent work evaluations. *Id.* at 95. He has done numerous pre-release classes and is currently enrolled in an apprenticeship. *Id.* at 96–97. And most importantly, "[h]e has maintained a high level of respect and a positive rapport with both staff and inmates while at FCI Danbury." *Id.* at 97.

The Government is correct that the Court, in part, based the Defendant's original sentence on the severity of the offending conduct. But the Court also noted that the driving force behind the Defendant's behavior was his addiction to drugs. Now that the Defendant is free of that affliction, and has demonstrated the capacity and willingness to gainfully reenter society, he certainly deserves a reduction of his sentence to the bottom of the revised Guidelines range. *See* U.S.S.G. § 1B1.10, app. note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining ... whether a

reduction in the defendant's term of imprisonment is warranted...."); *see also United States v. Abreu*, 155 F. Supp. 3d 211, 217 (E.D.N.Y. 2015) (finding § 3553(a) factors warranted reduced sentence in light of defendant's post-sentence conduct); *United States v. Curtis*, No. 06-CR-413, 2017 WL 10259769, at *2–3 (E.D.N.Y. Nov. 20, 2017); *United States v. Moore*, No. 92-CR-200, 2015 WL 9413099, at *3 (E.D.N.Y. Dec. 22, 2015) (same); *United States v. Martino*, No. 02-CR-1469, 2015 WL 6506906, at *4 (E.D.N.Y. Oct. 27, 2015) (same); *United States v. Tyson*, No. 9-CR-515, 2015 WL 4104791, at *3 (E.D.N.Y. July 7, 2015) (Spatt, J.) (same); *United States v. Monk*, No. 06-CR-642, 2015 WL 1800236, at *3 (E.D.N.Y. Apr. 16, 2015) (same).

The Defendant requests the Court issue a sentence of time served, 88 months at the time of his last filing. However, USSG § 1B1.10(b)(2)(A) bars reducing the Defendant's sentence below the minimum amended Guidelines range. *Abreu*, 155 F. Supp. 3d at 217 ("While the court initially sentenced Defendant below the Guideline range in 2013, § 1B1.10(b)(2)(A) bars a comparable downward departure on resentencing."); *United States v. Williams*, No. 01-CR-538, 2012 WL 2923295, at *3 (E.D.N.Y. July 18, 2012) (collecting cases).

Therefore, the Court finds that the Defendant is eligible for a sentence reduction and that a reduction of his sentence to 100 months is sufficient but not greater than necessary to accomplish the goals articulated by § 3553(a).

### III. CONCLUSION

For the foregoing reasons, the Court grants the Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782. Accordingly, the Court reduces the Defendant's Total Offense Level to level 24, resulting in an applicable advisory Guidelines range of 100–125 months with a Criminal History Category of VI. The Court reduces the Defendant's sentence to 100 months of incarceration. The Defendant's sentence otherwise remains unchanged.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 28, 2020

                                                                       /s/ Arthur D. Spatt

                                                                   ARTHUR D. SPATT

                                                                  United States District Judge